# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No. 08-40171-DDO |
| | Chapter 7 |
| Victor Plastics, Inc., | |
|     Debtor. | |

| | |
|---|---|
| Julia A. Christians, Trustee for the Bankruptcy Estate of Victor Plastics, Inc. | Adversary No. 10-04006 |
|     Plaintiff, | |
| v. | |
| TrueNorth Companies, LC, | |
|     Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES

TrueNorth Companies, LC ("Defendant"), by and through its undersigned counsel, hereby answers the complaint (the "Complaint") of Plaintiff, Julia A. Christians in her capacity as trustee for the bankruptcy estate of Victor Plastics, Inc.'s ("Plaintiff"), as follows. Except as specifically admitted or qualified herein, Defendant denies each and every allegation, statement, and thing set forth in Plaintiff's Complaint.

    1.    Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

    2.    In response to Paragraph 2 of Plaintiff's Complaint, Defendant states that Paragraph 2 is a legal conclusion to which no response is required. To the extent, if any, that a response is required, Defendant denies the allegations therein.

## COUNT ONE
### (Avoidance and Recovery of Preferential Transfers)

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendant states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. In response to Paragraphs 5, 6, 7, 8, and 9 of Plaintiff's Complaint, Defendant states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

6. In response to Paragraphs 10 and 11 of Plaintiff's Complaint, Defendant states that Paragraphs 10 and 11 are legal conclusions to which no response is required. To the extent, if any, that a response is required, Defendant denies the allegations therein.

7. In response to Paragraph 12 of Plaintiff's Complaint, Defendant states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

## COUNT TWO
### (Avoidance and Recovery of Post-Petition Transfers)

8. In response to Paragraph 13 of Plaintiff's Complaint, Defendant realleges the allegations set forth above and incorporates them herein by reference.

9. In response to Paragraphs 14 and 15 of Plaintiff's Complaint, Defendant states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

10. In response to Paragraphs 16 and 17 of Plaintiff's Complaint, Defendant states that Paragraphs 16 and 17 are legal conclusions to which no response is required. To the extent, if any, that a response is required, Defendant denies the allegations therein.

**COUNT THREE**
**(Recovery of Contract Refund)**

11. In response to Paragraph 18 of Plaintiff's Complaint, Defendant realleges the allegations set forth above and incorporates them herein by reference.

12. In response to Paragraphs 19, 20, and 21 of Plaintiff's Complaint, Defendant states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

13. In response to Paragraph 22 of Plaintiff's Complaint, Defendant states that Paragraph 22 is a legal conclusion to which no response is required. To the extent, if any, that a response is required, Defendant denies the allegations therein.

14. In response to Paragraph 23 of Plaintiff's Complaint, Defendant states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

**COUNT FOUR**
**(Claim Objection)**

15. In response to Paragraph 24 of Plaintiff's Complaint, Defendant realleges the allegations set forth above and incorporates them herein by reference.

16. Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

17. In response to Paragraph 26 of Plaintiff's Complaint, Defendant states that Paragraph 26 is a legal conclusion to which no response is required. To the extent, if any, that a response is required, Defendant denies the allegations therein

## AFFIRMATIVE DEFENSES

18. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

19. Plaintiff's claims may be barred by Plaintiff's failure to join an indispensable party.

20. Plaintiff's claims are barred to the extent Defendant was a mere conduit.

21. Plaintiff's claims are barred to the extent Defendant received any transfers from the Debtor in the ordinary course of business.

22. Plaintiff's claims are barred to the extent Defendant received any transfers from Plaintiff made according to ordinary business terms.

23. Plaintiff's claims are barred to the extent any transfers to Defendant did not enable Defendant to recover more than it would in a hypothetical Chapter 7 bankruptcy case.

24. Plaintiff's claims are barred to the extent that Defendant provided subsequent new value to the Debtor.

25. Plaintiff's claims are barred to the extent any transfers were not transfers of assets in which the Debtor held an interest.

26. Plaintiff's claims are barred to the extent any transfers were not made in payment of an antecedent debt.

27. Plaintiff's claims are barred to the extent any transfers represented a contemporaneous exchange for new value.

28. Plaintiff's claims are barred by setoff/recoupment in whole or in part to the extent of any unpaid post-petition value provided to or for the benefit of the Debtor by Defendant.

29. Defendant hereby reserves the right to add to, amend, and supplement any affirmative defenses as discovery and circumstances warrant.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against the Plaintiff, as follows:

1. Dismissing the Plaintiff's causes of action with prejudice and on the merits; and

2. For such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: June 16, 2010 | WINTHROP & WEINSTINE, P.A.<br><br>By: s/ Jacob B. Sellers<br>　　Thomas H. Boyd, #0200517<br>　　Jacob B. Sellers, ##348879<br><br>225 South Sixth Street, Suite 3500<br>Minneapolis, Minnesota 55402<br>(612) 604-6400<br><br>Attorneys for Defendant TrueNorth Companies, LC |

4987445v1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. No. 08-40171-DDO |
| | Chapter 7 |
| Victor Plastics, Inc., | |
| Debtor. | |

| | |
|---|---|
| Julia A. Christians, Trustee for the Bankruptcy Estate of Victor Plastics, Inc. | Adversary No. 10-04006 |
| Plaintiff, | |
| v. | |
| TrueNorth Companies, LC, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2010, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of electronic filing to the following persons:

- Gordon B. Conn    conn@kwgc-law.com
- Jacob B. Sellers    jsellers@winthrop.com, jahlers@winthrop.com; tcooke@winthrop.com

I further certify that there are no manual recipients.

Dated: June 16, 2010            **WINTHROP & WEINSTINE, P.A.**

By:   *s/ Jacob B. Sellers*
         Jacob B. Sellers, #348879

225 South Sixth Street, Suite 3500
Minneapolis, MN  55402-4629
(612) 604-6400
jsellers@winthrop.com

Attorneys for True North Companies, LC

5296845v1